IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**JONATHON R. COUNTS,**<br><br>Defendant | **NO. 5: 09-CR-30 (HL)**<br><br>VIOLATIONS:  18 U.S.C. §1708, Etc. |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  Defendant JONATHON R. COUNTS was represented by Mr. John Philip Fox of the Macon Bar; the United States was represented by Assistant U. S. Attorney George R. Christian.  Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report dated December 17, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Service Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant COUNTS or the safety of the community were he to be released from custody.  The defendant resides in the Charlotte, North Carolina area and has no ties to the Middle District of Georgia.  The offenses charged against him are serious ones for which long-term incarceration can be expected in the event of a conviction or plea of guilty.  They are alleged to have been committed while he was on supervised release for a similar offense in the Middle District of Florida.  His estimated guideline range is 51 months to 63 months.  The weight of evidence is strong: he has been implicated by two co-defendants who have heretofore entered pleas of guilty and are awaiting sentencing.  These co-defendants have agreed to testify against defendant COUNTS.

The defendant has a record of felony convictions which includes TRAFFICKING IN COCAINE, 2002, Iredell County, N. C.  District Court; POSSESSION OF FORGED INSTRUMENT (7 cts.), Etc., 2006, Jefferson County, Kentucky Circuit Court; and MAIL FRAUD, 2007, U. S. District Court for the Middle District of Florida.  A supervised release warrant has been issued by the M. D. Florida and filed as a detainer.  In addition, the defendant has pending state charges of a nature similar to his [federal] charges herein in Forsythe County, Georgia.

**Defendant COUNTS has demonstrated a propensity to engage in criminal activity over the past 7+ years, much of it of a nature similar to the charges against him here in the Middle District of Georgia, indicating the likelihood that he would continue his pattern of illegal activity were he to be released from custody. In addition, he faces a lengthy prison sentence in the event of conviction, increasing the risk of flight. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 5th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE